## Ives and Newell *v.* Pierson, Administrator.

A purchaser at an administrator's sale, who is deceived either by the fraud or mistake of the administrator in relation to the subject matter of his purchase, is as much entitled to relief as if the purchase had been made at private sale.

Where an administrator sold land to which his intestate had no title ; held, that the sale was void and must be set aside.

THE CHANCELLOR.

The case was submitted on a motion to dissolve the injunction. There is a failure of title to at least one section of the land, according to the statements of the bill. The portion of the land claimed under the fourteenth article of the dancing rabbit creek treaty by Riley's administrator, on account of Riley's children, was not only a matter in which Pierson as administrator had no interest in, or power, authority or control over, but was equally beyond the power and control of the probate court, upon the application on which the order of sale was made. The treaty gives the land to the children, not to the father. See fourteenth article of the treaty.

Although an administrator is not required to give a warranty of the quality or title to the thing sold by him, yet this rule does not apply when he assumes the exercise of a power which does not exist, or is not given by law. In every sale made by an administrator there is an implied covenant that he has authority to sell. 1 Hill's Chy. Rep. 493. Here he had no such authority; that authority could not be conferred on him, in his character of administrator, by the probate court, so far as the land of the children was concerned. The court could only have granted that authority upon application of the guardian, in the manner prescribed by the statute. Here the administrator not only had no power to sell, but his intestate had no title whatever, so far as the section granted by the treaty to the children is concerned.

I conceive a purchaser at an administrator's sale, who is deceived in relation to the subject matter of his purchase, through either

the fraud or mistake of the administrator, as much entitled to re-lief as if the purchase had been made at private sale. I know of no rule founded on considerations of public policy, no principle of morality, nor any respectable adjudication, which exempts such sales from the same measure of remedial justice which obtains in all other cases of mistake, accident or fraud. An administrator who sells land as the property of his intestate, knowing that he had no title whatever, or if there was in fact no title in his intes-tate, and he acted through mistake, in either case the purchaser would be equally entitled to relief. See Woolford *v.* Phelps, 1 J. J. Marshall, 33.

Here, upon inquiry being made by the complainants, at the time of the sale, they were assured by the administrator that the title was good as to the two sections. The effect upon the complain-ants is the same, whether this assurance proceeded from fraud or mistake.

The motion to dissolve the injunction must be overruled.